IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PARALLEL NETWORKS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:09cv172 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORIGINAL COMPLAINT**

Plaintiff, Parallel Networks, LLC, brings this action for patent infringement and alleges the following:

**I.  PARTIES**

1. Plaintiff Parallel Networks, LLC ("Parallel Networks") is a Texas limited liability company with a place of business at 100 E. Ferguson, Suite 602, Tyler, Texas 75702.

2. On information and belief, defendant Microsoft Corp. ("Microsoft") is a Washington corporation, with its principal place of business at One Microsoft Way, Redmond, Washington 98052, and is doing business in the Eastern District and elsewhere in the State of Texas.  Microsoft may be served with process by service upon its registered agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**II. JURISDICTION AND VENUE**

3. This infringement action arises under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Microsoft has done and continues to do business in the Eastern District of Texas. Microsoft has minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. Microsoft has committed purposeful acts or transactions in the State of Texas such that it reasonably knew and expected that it could be haled into a Texas court as a consequence of such activity. Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

### III.  PATENT INFRINGEMENT

5. On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "Parallel Networks Patents," duly and legally issued. These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests. Copies of the Parallel Networks Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

6. Parallel Networks is the owner of the Parallel Networks Patents and has the right to enforce those patents with respect to the defendants.

7. On information and belief, Microsoft makes and/or uses systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the Parallel Networks Patents. As a result, Microsoft has been and still is infringing one or more of the claims of the Parallel Networks Patents as defined by 35 U.S.C. § 271 (a), (b), and/or (c). Parallel Networks has suffered damage by reason of defendant's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

8. To the extent that Microsoft has continued or does continue its infringing activities after receiving notice of the Parallel Networks Patents, such infringement is willful, entitling Parallel Networks to the recovery of increased damages under 35 U.S.C. § 284.

9. This is an "exceptional case" justifying an award of attorneys' fees and costs to Parallel Networks pursuant to 35 U.S.C. § 285.

10. Parallel Networks believes that Microsoft will continue to infringe the Parallel Networks Patents unless enjoined by this Court. Such infringing activity causes Parallel Networks irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV. JURY DEMAND

11. Plaintiff requests trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## V. PRAYER FOR RELIEF

12. Parallel Networks requests that the Court find in its favor and against Microsoft and that the Court grant the following relief:

   a. Judgment that one or more of the claims of the Parallel Networks Patents have been infringed, either literally and/or under the doctrine of equivalents, by defendant;

   b. Judgment in favor of Parallel Networks for the full amount of its actual damages caused by Microsoft's infringing activities, including an assessment of interest and costs;

   c. Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

   d. Judgment that this is an "exceptional case" and awarding Parallel Networks its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

   e. That Microsoft be permanently enjoined from further activity or conduct that infringes the claims of the Parallel Networks Patents; and

   f. That the Court award Parallel Networks such other and further relief as is just and proper under the circumstances.

Respectfully submitted,


  /s/ Larry D. Carlson
Larry D. Carlson, Lead Attorney
   Texas State Bar No. 03814500
   E-Mail:  larry.carlson@bakerbotts.com
Ryan Bangert
   Texas State Bar No.
   E-Mail:  ryan.bangert@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

Kevin Meek
   Texas State Bar No. 13899600
   E-Mail:  kevin.meek@bakerbotts.com
Darryl J. Adams
   Texas State Bar No.
   E-Mail:  darryl.adams@bakerbotts.com
BAKER BOTTS L.L.P.
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701
Telephone:  (512) 322-2500
Facsimile:  (512) 322-2501


T. John Ward, Jr.
   State Bar No. 00794818
   E-mail: jw@jwfirm.com
Ward & Smith Law Firm
P.O. Box 1231
Longview, Texas 75606-1231
Telephone (903) 757-6400
Facsimile (903) 757-2323

                    S. Calvin Capshaw
                        State Bar No. 03783900
                        E-mail: ccapshaw@capshawlaw.com
Capshaw DeRieux, LLP
P.O. Box 3999
Longview, Texas 75606-3999
Telephone (903) 233-4826
Facsimile (903) 236-8787


ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC