## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **PARALLEL NETWORKS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:09-CV-172** |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### O R D E R

Before the Court is Defendant Microsoft Corporation's ("Microsoft's") Motion to Continue the Stay in this Action Pending Resolution of Appeal and Reexamination of the Patents-in-Suit. Dkt. No. 33. Also before the Court are Plaintiff's ("Parallel's") response, Microsoft's reply, and Parallel's sur-reply. Dkt. Nos. 36, 37, and 38, respectively. Having considered the briefing and all relevant papers and pleadings, the Court finds that Microsoft's motion should be DENIED.

## I. BACKGROUND

QuinStreet, Inc. ("QuinStreet") filed a declaratory judgment action against epicRealm

Licensing LLC, the predecessor to Plaintiff Parallel Networks LLC, in the United States District

Court for the District of Delaware, Civil Action No. 06-CV-495 (the "Delaware Action"),

regarding United States Patent Nos. 5,894,554 and 6,415,335 (collectively, the "patents-in-suit").

Dkt. No. 33 at 2-3. QuinStreet then filed a third party complaint against Microsoft in the

Delaware Action, seeking indemnification. *Id.* at 3. Microsoft filed a declaratory judgment

complaint against Parallel in the Delaware Action seeking a declaration of no infringement and

invalidity. *Id.* QuinStreet and Parallel jointly moved, pursuant to a settlement, to dismiss their

claims against each other in the Delaware Action, and the Delaware court entered an order on

May 29, 2009, granting that motion. *See* Civil Action No. 06-CV-495 (D. Del.), Dkt. Nos. 163

and 164. That order also denied a motion by Parallel to dismiss, for lack of personal jurisdiction,

Microsoft's declaratory judgment claims. *See* Civil Action No. 06-CV-495 (D. Del.), Dkt. No.

164. That same day, Parallel filed the above-captioned case against Microsoft alleging

infringement of the patents-in-suit. Dkt. No. 33 at 3; *see also* Complaint, Dkt. No. 1.

Parallel challenged the Delaware court's subject matter jurisdiction over Microsoft's

declaratory judgment claims. *See* Dkt. No. 22, Ex. A. In the alternative, Parallel moved for a

transfer of the Delaware Action to this Court in the Eastern District of Texas. *See id.* This Court

entered a stay of the above-captioned case pending resolution of Parallel's motion in Delaware.

*See* 8/3/2009 Order, Dkt. No. 30. On November 3, 2009, the District of Delaware (Robinson, J.)

denied Parallel's motion to dismiss for lack of subject matter jurisdiction but ordered Microsoft's

claims transferred to this Court in the Eastern District of Texas. *See* Civil Action No. 06-CV-

2

495, Dkt. No. 198.  This Court has received the Delaware Action as Civil Action No. 2:09-CV-

345.

## II.  DISCUSSION

Microsoft moves to continue the stay in the above-captioned case pending a panel order

or opinion in an appeal of the Delaware Action to the Court of Appeals for the Federal Circuit,

No. 2009-1183, which has been referred to as the "Oracle Appeal."  Dkt. No. 33 at 1 & n.1.  The

Federal Circuit decided that appeal on April 28, 2010, so that portion of Microsoft's motion

should be DENIED AS MOOT.

Microsoft also moves to continue the stay in the above-captioned case pending an *ex

parte* reexamination of the patents-in-suit at the United States Patent and Trademark Office

("PTO") .  Dkt. No. 33 at 1.  "The district court has the inherent power to control its own docket,

including the power to stay proceedings."  *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.

Supp. 2d 660, 662 (E.D. Tex. 2005) (Davis, J.).  "The power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299

U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must

weigh competing interests and maintain an even balance."  *Id.* at 254-55.

This Court has no "automatic" policies regarding stays pending reexamination; rather,

"each motion to stay pending reexamination filed in this Court is considered on a case-by-case

basis with each cause of action presenting distinct circumstances."  *DataTreasury Corp. v. Wells

Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006).  In deciding whether to stay litigation

pending reexamination, this Court considers "(1) whether a stay will unduly prejudice or present

a clear tactical disadvantage to the non-moving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain*, 356 F. Supp. 2d at 662.

## A. Prejudice or Tactical Disadvantage to the Non-Moving Party

Microsoft argues that a stay is particularly appropriate because the PTO issued a final rejection of all original claims of the patents-in-suit as well as all claims added during reexamination. *Id.* at 8. Parallel filed an appeal of the rejections to the PTO's Board of Patent Appeals and Interferences ("BPAI") on August 31, 2009, as to the '335 Patent, and on November 2, 2009, as to the '554 Patent. *Id.* at 8. Microsoft submits that the average time for the BPAI to decide an appeal is seven months. *Id.* at 10.

Parallel responds that "the reexamination proceedings will likely not be completed for another three to five years." Dkt. No. 36 at 4. For example, Parallel argues that Microsoft skips procedural steps in arriving at its claim that an average BPAI appeal is decided in seven months. *Id.* at 5. Parallel also submits that "[a]n appeal from the BPAI to the Court of Appeals for the Federal Circuit in the event of an adverse ruling would consume an additional eleven months." *Id.* at 6.

Microsoft replies that Parallel obtained its reexamination statistics from a mere "blog,"[1] which Microsoft argues is not reliable evidence. Dkt. No. 37 at 3.

The Court has no readily available means to validate Parallel's weblog statistics, and the Court declines to conduct any independent investigation. On balance, because the reexamination

---

[1] Oxford English Dictionary (Draft Entry Dec. 2008) ("weblog, n. . . . 2. A frequently updated web site consisting of personal observations, excerpts from other sources, etc., typically run by a single person, and usually with hyperlinks to other sites; an online journal or diary.)

process and a subsequent appeal to the Court of Appeals for the Federal Circuit would likely

endure for a year or more from now, a stay pending reexamination would prejudice Parallel and

put Parallel at a tactical disadvantage in later obtaining discovery and preparing its case.  This

factor weighs against granting a stay.

**B.  Simplifying the Issues in Question and Trial of the Case**

  Microsoft argues that a stay is particularly appropriate because the United States Patent

and Trademark Office ("PTO") issued a final rejection of all claims of the patents-in-suit

(original claims as well as claims added during reexamination).  *Id.* at 8.  Microsoft concludes

that a stay will likely simplify the issues before the Court by eliminating some or all of the claims

of the patents-in-suit.  *Id.* at 10.

  In nearly every case, reexamination has the *potential* of simplifying the issues for trial due

to the possible elimination, narrowing, or amendment of claims.  However, such simplification is

somewhat speculative and must be analyzed on a case-by-case basis.  In *Soverain*, Judge Davis

noted that although cancellation of all claims occurs in only twelve-percent of reexaminations,

"[t]he unlikelihood of this result, which favors not staying the case, is offset by the possibility

that some of the claims may change during reexamination, which favors staying the case."

*Soverain*, 356  F. Supp. 2d at 662.

  Here, various circumstances minimize and perhaps negate any potential simplification

offered by reexamination.  The patents-in-suit are not new to the undersigned, having been

asserted in several prior lawsuits.  *See, e.g.*, Civil Action Nos. 5:07-CV-125, 5:07-CV-126, 5:07-

CV-135, 2:07-CV-562, & 2:08-CV-45.  A substantial number of claim terms contained in these

patents have already been construed by this Court.  *See* Civil Action No. 2:07-CV-126, Dkt. No.

275; Civil Action No. 2:07-CV-562, Dkt. No. 221.  Further, unless all claims of the patents-in-suit are invalidated through reexamination, the reexamination process may actually complicate the above-captioned case by creating additional prosecution history estoppel and disavowal arguments that must likely be addressed, such as during claim construction.  To convince this Court that a stay will actually simplify a case, the requesting party must do more than merely proffer oft-cited reexamination statistics and generic judicial efficiency arguments.  Microsoft has not done so.  On balance, this factor weighs against granting a stay.

## C.  Whether Discovery is Complete and Whether a Trial Date Has Been Set

On one hand, as Microsoft argues, because the above-captioned case has not yet had a scheduling order, initial disclosures, infringement contentions, invalidity contentions, or discovery, there has been no substantial investment of time or resources in the above-captioned case that would weigh in favor of a stay.  Dkt. No. 33 at 10-11.  On the other hand, the patents-in-suit have been asserted in several prior lawsuits in this Court.  *See, e.g.*, Civil Action Nos. 5:07-CV-125, 5:07-CV-126, 5:07-CV-135, 2:07-CV-562, & 2:08-CV-45.  One of the cases was tried to a jury, which found the patents to be infringed and not invalid.  *See* Civil Action No. 5:07-CV-135, Dkt. No. 328.[2]  Thus, substantial time and resources related to the patents-in-suit have already been invested.

On balance, this factor weighs only slightly in favor of granting a stay because previous litigation in this Court involving the same patents-in-suit should expedite and economize the above-captioned case.

---

[2] That case subsequently settled.  *See* 1/5/2009 Order, Civil Action No. 5:07-CV-135, Dkt. No. 369.

### III.  CONCLUSION

Having considered the foregoing factors, the Court finds that a stay is not warranted.

Microsoft Corporation's Motion to Continue the Stay in this Action Pending Resolution of

Appeal and Reexamination of the Patents-in-Suit (Dkt. No. 33) is hereby **DENIED**.  Specifically,

Microsoft's request for a stay pending a panel order or opinion in the Oracle Appeal is hereby

**DENIED AS MOOT**, and Microsoft's request for a stay pending reexamination is hereby

**DENIED**.

   **IT IS SO ORDERED.**
   **SIGNED this 10th day of May, 2010.**


_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE